PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. RAMÓN BORGES, Defendant and Appellant.

No. 3176.   Argued June 7, 1927.—Decided July 12, 1927.

*Antonio Reyes Delgado* for the appellant.   *José E. Figueras* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The district attorney of Arecibo filed an information against Ramón Borges and Casimiro Prieto charging them

with the offense of adulterating milk in that they offered for sale and sold as in good condition for human consumption adulterated cow's milk in Quebradilla on August 24, 1925.

The case went to trial and on February 26th the court found both defendants guilty and imposed a fine of seventy-five dollars on Borges and a fine of twenty-five dollars on Prieto. Borges took the present appeal.

The only assignment of error refers to the weighing of the evidence.

The prosecution examined only two witnesses, inspector Agustín Abrams and chemist Gadea. On the day and at the place specified Abrams went to the milk-stand which, according to the license and bond, belongs to defendant Borges, found that milk was being sold there and took three samples. Gadea analyzed one of the samples and said that it was "adulterated with approximately 22 percent of water artificially added."

In answer to questions from the attorney for Borges as to who were the real owners of the milk-stand Abrams answered: "I know, not positively, I have heard it said that they are three, that it belongs to the father, the son and the brothers." The tendency of the question and of the answer was to show that although defendant Borges was the applicant for the license and gave the bond as the owner of the milk-stand, it really belonged also to his father and his brothers.

Defendant Borges testified in his own defense that the milk-stand belonged to several farmers and that all of them sent milk there to be sold.

Defendant Prieto submitted in evidence the testimony of several witnesses tending to show that the milk was inspected when it was brought in from the country whence it was sent by defendant Borges.

The participation of Prieto in the offense charged is not involved in this appeal, but as there was only one trial the evidence introduced by Prieto favors or prejudices Borges.

The brief submitted by appellant Borges is carefully prepared and great efforts are made therein to show that the evidence is not sufficient to support the judgment of conviction rendered against Borges. Citation is made of the cases of *People* v. *Luccioni,* 29 P.R.R. 44, and *People* v. *Alvarez,* 32 P.R.R. 820.

The theory of the defendant is that as the evidence showed that the milk-stand belonged to several owners and they all sent milk to be sold there, the defendant can not be convicted as its only owner.

The defendant was its only owner according to the license and bond. If there were other owners it is of no consequence. Precisely in order to be able to make somebody liable the law requires that the license be issued in the name of some person who must give a bond. The defendant voluntarily accepted the position carrying the greatest responsibility and can not now escape the consequences of his acts.

The *Luccioni Case, supra,* presents a different situation. It was held there that "when the evidence as a whole is convincing that the defendant was the owner and in actual control of the milkstall, an attempt to show that the license was in the name of an employee will not avail him to evade responsibility for the sale of adulterated mil." In the present case the license was in the name of the defendant and he was also the owner, although jointly with others. Moreover, if any doubt were entertained from an examination of the evidence for the prosecution in conjunction with that of defendant Borges, it would disappear on examination of the evidence of defendant Prieto which showed that the milk in question came from Borges.

Nor is the defendant favored by the other case cited by him, that of *People* v. *Alvarez, supra,* because in this case the testimony of the health inspector is not, as in that case, doubtful and evasive, but clear and positive.

By virtue of the foregoing and in view of *People* v.

*Gautier,* 20 P.R.R. 311, the judgment appealed from must be affirmed.